People, etc., for the Use of the County of Fayette, v. Carl Dieckmann, Charles Humpeler, James S. Evans and George F. Snerly.

1. Officers—*Selection of Deputies.*—Where the circuit clerk pays his deputy out of the compensation allowed by the county for deputy hire, the law does not require him to let the position, as contracts are let, to the lowest bidder.

**Suit on Official Bond.**—Trial in the Circuit Court of Fayette County; the Hon. Samuel L. Dwight, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

E. B. Spurgeon and Brown & Albert, attorneys for appellant.

F. M. Guinn and Henry & Houston, attorneys for appellee.

Mr. Presiding Justice Worthington delivered the opinion of the court.

This was a suit on an official bond, tried by the judge without a jury. Judgment rendered for plaintiff for $72.15.

B. F. Williams, circuit clerk of Fayette county, resigned December 6, 1895; Carl Dieckmann, who was his deputy, on December 8th, as appears by plaintiff's declaration,. was appointed to serve as his successor for the unexpired term. He received his commission December 21st, and from that date was *de jure* clerk until December 7, 1896. In the absence of testimony to the contrary, and from the fact that in settlement with the county board he was allowed one year's salary, it is presumed that he acted as clerk *de facto* from the date of his appointment until the date of receiving his commission. If this was so, plaintiff has no substantial cause of complaint, because he was allowed a year's salary.

Miss Lizzie Thomas had also been employed in the office by Williams, receiving $10 a week for her services.

People v. Dieckmann.

The compensation of the clerk, as fixed by the county board, was $1,200 a year, and the amount fixed by the board for deputy hire was $800 per year. No propositions of law having been submitted, the presumption is that the court correctly applied the law in considering the evidence in the case.

Six breaches were assigned, charging failure to report correctly fees received, appropriation of county property, etc. To each of these, defendants pleaded and issue was joined. The court, with vouchers, reports and records before it, rendered judgment for plaintiff for $72.15. It was better prepared to pass upon matters of fact than we are, and an examination of the evidence as abstracted shows no substantial reason why its conclusions should be set aside.

A seventh breach was assigned, to which a demurrer was sustained. This is alleged as error. The breach is as follows :

"And for an additional and further breach of said writing obligatory, the plaintiff says that during the time the said Carl Deickmann was, and was acting as, such circuit clerk, to wit, from the eighth day of December, 1895, to the seventh day of December, 1896, it became and was the duty of said Carl Deickmann, as such circuit clerk, to use and dispose of the $800 set apart by the county board of Fayette county, to be used by said clerk in employing his necessary deputy clerk hire in said office, during said term, economically, and it became his duty as such clerk to use and expend no greater part thereof for such deputy clerk hire than was reasonably necessary therefor. Yet the plaintiff avers that the said Carl Deickmann could have obtained good and competent deputy hire during said term for $35 per month; but that said Deickmann, in utter disregard of his duty as such clerk in the premises, and with intent to injure, damage and defraud the county of Fayette, wrongfully and collusively paid to said Lizzie Thomas the sum of $66.66 per month for her services as such deputy clerk, during all of said time aforesaid, and that her services was the only deputy or clerk hire employed in said office during said term. To the damage of the county of Fayette of $400."

The demurrer was properly sustained. The breach does not allege that he could have employed the deputy that he

did employ for $35 a month, and that he, with intent to defraud, etc., paid her $66.66 a month. We do not understand the law to be that a clerk in selecting his deputies is compelled to let the position, as contracts are let, to the lowest bidder. A party might be a " good and competent clerk," so far as clerical duties only are involved, and yet not a desirable or suitable person to come in contact with people generally in a public office. Honesty, mutual confidence, affability, celerity and other characteristics, are naturally and properly considered by any sensible public officer when selecting his deputies, as well as mere clerical competency.

The breach assigned is not broad enough to cover all the qualifications that a clerk has the right to insist upon in choosing his deputy. It is not specific enough, through failing to allege that he could have employed the deputy he did select at $35 a month instead of $66.66.

The clerk employs his deputy out of the compensation allowed by the county for deputy hire. The county neither selects nor pays the deputy. It follows, therefore, that if the deputy, by agreement with the clerk, receives articles of property or personal services in part payment, without collusion or fraud, that it is nobody's business but their own. Judgment affirmed.